IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YOLANDA-DENISE THOMPSON | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | Case No. 2:20-cv-3791-JDW |
| | : | |
| YOLANDA DENISE THOMPSON | : | |
| SOCIAL SECURITY TRUST, *et al.* | : | |
|     Defendants. | : | |

## MEMORANDUM

Yolanda-Denise Thompson has filed a Complaint that uses sovereign citizen language but states no facts to permit the Court to discern a legal cause of action. The Court will permit her to proceed without paying the required fees, but it will dismiss her case as frivolous.

### I.    FACTUAL ALLEGATIONS

Ms. Thompson appears to assert a claim of constructive fraud to recover social security taxes withheld against her. For example, she claims that the "Federal Government Corporation formed the YOLANDA DENISE THOMPSON **Social Security Trust**. [The] **Trust** contract was never properly **ratified** only implied. . . . " (ECF No. 2 at 7.) She also claims that she was the "**Sub-Funder** of labor value into the [Trust] account and at the same time is the named **Beneficiary** but only after the age of 65, thereby being prevented from having **Lawful** access to full labor funds." (*Id.*) She asserts that her claims arise from on events that occurred on June 25, 1962, which appears to be her birthdate. She seeks to "revocate and liquidate" the trusts. (*Id.* at 4.) Otherwise, her submission consists entirely of legalisms and sovereign citizen verbiage.

### II.    STANDARD OF REVIEW

A plaintiff seeking leave to proceed in forma pauperis must establish that he is unable to pay for the costs of his suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d

Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed in forma pauperis, the Court must determine whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry requires the Court to apply the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Under that standard, the Court must take all well-pleaded allegations as true, interpret them in the light most favorable to the plaintiff, and draw all inferences in his favor. *See Securities and Exchange Comm'n v. Gentile*, 939 F.3d 549, 552 n.1 (3d Cir. 2019). Moreover, when the plaintiff is proceeding pro se, the Court must construe his pleadings liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

#### A. Leave to Proceed *In Forma Pauperis*

Ms. Thompson provided information demonstrating that she lacks the income or assets to pay the required filing fees. Therefore, the Court will grant her leave to proceed without paying those fees.

#### B. Plausibility of Claims ian Complaint

Ms. Thompson's claims fail to state a legal basis for any claim within the Court's jurisdictions. Much of the pleading is "legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement" is nothing more than a nullity. *See United States v. Wunder*, Civ. A. No. 16-9452, 2019 WL 2928842, at * 5 (D.N.J. July 8, 2019) (discussing futility of sovereign citizen verbiage in collection claim for a student loan); *United States v. Crawford*, Civ. A. No. 19-15776, 2019 WL 5677750, at *1 (D.N.J. Nov. 1, 2019) (criminal defendant's attempt to use fake UCC financing statements against prosecutor were a legal nullity). Nor is there any legal basis for Ms. Thompson to seek the revocation of a Social Security Trust because no such trust exists and there is nothing illegal about the requirement that

she pay social security taxes. Her claim therefore lacks an arguable basis in law or fact. The Court will dismiss it as frivolous.

An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
HON. JOSHUA D. WOLSON
United States District Judge

August 7, 2020